Attorneys for Plaintiffs:
Tyler Goldberg-Hoss
CMG Law
115 NE 100th Street, Ste. 220
Seattle, WA  98125-8099
P:  206.443.8600

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| YER YANG MOUA,<br><br>            Plaintiff,<br><br>   vs.<br><br>UNITED STATES OF AMERICA,<br><br>            Defendant. | Civil Case No.  2:22-cv-00985<br><br>COMPLAINT FOR DAMAGES |

**COMPLAINT FOR DAMAGES**

COMES NOW the plaintiff, by and through her attorney, Tyler Goldberg-Hoss of CMG Law, and brings this Complaint for Damages against the defendant herein and alleges as follows.

**1.   IDENTIFICATION OF PLAINTIFF**

1.1   Plaintiff YER YANG MOUA is a resident of the State of Washington and is qualified to bring this action.

COMPLAINT FOR DAMAGES - Page 1

**CMG LAW**
115 NE 100th Street, Ste. 220
Seattle, WA  98125-8099
Tel: 206.443.8600

## 2. IDENTIFICATION OF DEFENDANT

2.1     Community Health Center of Snohomish County (hereinafter Community Health) is a federally-funded medical facility in Washington State. It employs physicians, nurses, and other health care providers who provide medical care to the residents of Washington State. Pursuant to 28 U.S.C. Sec. 3679, as amended by the Federal Employees Liability Reform and Tort Compensation Act of 1988, medical providers of medical care at Community Health are considered employees of the United States while they provided medical care to plaintiff.

2.2     Community Health provided medical care to plaintiff through its agents and employees, who were acting at all relevant times on behalf of said entity, and therefore on behalf of the United States, which is the defendant herein, and within the scope of their employment or agency (whether actual or ostensible).

2.3     Community Health itself, as a health care provider as defined by RCW 7.70.020(3), provided medical care to plaintiff.

## 3. JURISDICTION AND FEDERAL ADMINISTRATIVE PRE-FILING COMPLIANCE

3.1     This action arises under the Federal Tort Claims Act, §§ 2671 through 2680 of Title 28 of the United States Code, and this Court is vested with jurisdiction pursuant to §1346(b) of the United States Code.

3.2     In compliance with 28 CFR 14.2, plaintiff, through her attorneys, presented Standard Form 95 Claims for Damage, Injury or Death on August 25, 2021 to the U.S. Department of Health & Human Services. A complete copy (with attached supporting materials) is attached as Exhibit 1.

3.3     The U.S. Department of Health & Human Services sent a letter dated January 4, 2022 confirming receipt of the Tort Claim, and requesting additional records related to plaintiff's claim. A copy is attached as Exhibit 2.

3.4     On January 18, 2022, plaintiff's attorneys sent additional requested records to Charlene Robinson in the Claims Office of the Department of Health & Human Services, Office of the General Counsel via box.com (sharefile service).

3.5     More than six months have elapsed since the U.S. Department of Health & Human Services confirmed receipt of the Standard Form 95 Claim.

3.6     Plaintiff alleges she has exhausted all of her administrative remedies and has satisfied the claim and notice requirements of the Federal Tort Claims Act.

## 4. STATEMENT OF FACTS

4.1     Plaintiff was seen at Community Health in Edmonds, Washington on January 25, 2021 for a persisting rash.

4.2     Plaintiff was seen by Dr. Scott McAfee who documented that he agreed with the previous working diagnosis of cholinergic urticaria and ordered an 80 mg Kenalog (steroid) injection to be given.

4.3     Plaintiff was given 400 mg of Kenalog instead of the 80 mg ordered.

4.4     An incident report was to be completed by the staff.

4.5     On January 28, 2021, plaintiff initiated a telephone based visit with Dr. Michelle Richards complaining of symptoms that were consistent with a Kenalog overdose, including puffy eyes, swollen face and lips and headache.

4.6     During the January 28, 2021 visit, Dr. Richards informed plaintiff that she would be researching how this issue happened and make sure staff have appropriate

training/protocols to prevent this from happening again.

4.7   On February 8, 2021, plaintiff saw Dr. Richards and continued to complain of headache and mild facial swelling.

4.8   During the February 8, 2021 visit, Dr. Richards reassured plaintiff that they were doing an incident report so this would not happen to anyone else.

4.9   Plaintiff continued to complain of headaches and facial swelling and developed additional symptoms including swelling in her upper body, fatigue, dizziness and weakness in her upper and lower extremities.

4.10   Given the persistence of her symptoms, plaintiff underwent lab testing for metabolic causes.

4.11   Plaintiff was found to have very low cortisol levels and was subsequently diagnosed with Cushing's syndrome, adrenal insufficiency and steroid-induced myopathy.

4.12   Plaintiff has ongoing fatigue, inability to walk without a cane or walker, and general muscle weakness. These symptoms interfere with her ability to provide for her own care and requires help from family members and others.

4.13   It is believed that these conditions and disabilities are permanent.

## 5.   DATE OF OCCURRENCE

5.1   The care at issue in this matter occurred on or around January 25, 2021.

5.2   Plaintiff discovered her injury and the cause on January 25, 2021. Plaintiff's claim accrued on this date.

5.3   Plaintiff presented Standard Form 95 Claims for Damages, Injury or Death on August 25, 2021 to the U.S. Department of Health & Human Services.

5.4    The U.S. Department of Health & Human Services sent a letter dated January 4, 2022, confirming receipt of plaintiff's claim in the Claims Office on August 31, 2021.

5.5    More than six months have elapsed since the U.S. Department of Health & Human Services confirmed receipt of the Standard Form 95 Claim and the U.S. Department of Health & Human Services has not rejected or denied the claim submitted by plaintiff.

5.6    Plaintiff's claims are brought within the applicable statute of limitations.

## 6.    NEGLIGENCE

6.1    Health care providers in Washington State have a duty to exercise that degree of care, skill, and learning expected of a reasonably prudent health care provider at that time in the profession or class to which he or she belongs, in the state of Washington, acting in the same or similar circumstances.

6.2    This includes, but is not limited to, exercising reasonable prudence with respect to administering the correct dose in the amount ordered of steroid medication on or about January 25, 2021.

6.3    Community Health, through its agents and employees, breached this duty by administering an excessive dose of a steroid medication, Kenalog, proximately causing serious and permanent injury to plaintiff. The facts of this medical error are not disputed.

6.4    Such breach constitutes negligence.

## 7.    INFERENCE OF NEGLIGENCE

7.1    The manner of injury to plaintiff and the attending circumstances are of

such a character which would warrant an inference that the injuries would not have occurred if ordinary care had been exercised by Community Health.

7.2     The agency, instrumentality or thing which produced the injury was at all times under the control of Community Health when the injury occurred; the plaintiff lacked control to take action to avert the injury; and the injury would not ordinarily occurred had Community Health exercised due care.

## 8.   INFORMED CONSENT

8.1     Community Health, through its employees and/or agents, failed to inform plaintiff of material facts relating to treatment, such failure resulted in injuries and damages as hereinafter alleged, and such injuries and damages would not have occurred had she been fully informed and made aware of material facts relating to the treatment.

## 9.   DAMAGES

9.1     As a direct and proximate result of the negligence of Community Health, plaintiff suffered from the effects of the steroid overdose, including Cushing's syndrome, adrenal insufficiency and steroid-induced myopathy. She has ongoing fatigue, inability to walk without a cane or walker, and general muscle weakness. These symptoms interfere with her ability to provide for her own care and requires help from family members and others.

9.2     Plaintiff has had tests done for her ACTH levels and Cortisol levels, which are far below the standard range and almost undetectable.

9.3     As a result, she is required to receive daily doses of steroid medication and more likely than not permanent.

9.4     This has resulted in damages to plaintiff, including but not limited to pain, suffering, anxiety, emotional distress, as well as economic damages, including medical bills, all in amounts to be proven at time of trial.

## 10. EXPENSES INCURRED

10.1    Plaintiff has incurred medical and other expenses and will continue to incur the same associated with these injuries, the extent of which will be proven at the time of trial.

## 11. WAIVER OF PRIVILEGE

11.1    Waiver of the physician-patient privilege under RCW 5.60.060(4)(b) does not waive or release any other rights or privileges, including those related to the physician-patient relationship, other than the privilege set out in the above-cited statute.

WHEREFORE, plaintiff prays for judgment against defendant in such amount as will be proven at the time of trial, together with such other and further relief as seems just and proper in the premises.

DATED: July 15, 2022          CMG Law

By _____
TYLER GOLDBERG-HOSS, WSBA #41653
Of Attorneys for Plaintiff